## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARK A. MILLER,**
**Claimant Below, Petitioner**

**vs.)  No. 20-0298** (BOR Appeal No. 2054720)
                 (Claim No. 2018014662)

**WEST VIRGINIA DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Mark A. Miller, by Counsel Robert L. Stultz, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Division of Highways, by Counsel Steven K. Wellman, filed a timely response.

The issues on appeal are medical benefits and temporary total disability. The claims administrator granted a 14% permanent partial disability award on October 9, 2018. On May 1, 2019, the claims administrator denied authorization of Tylenol #3, Valium, Lipitor, Cymbalta, Insulin, Glucophage, Percocet, Lidoderm Patch, Lexapro, and monthly or twice monthly office visits and medicine checks.[1] The claims administrator denied a referral to the West Virginia Spine Center on July 11, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions with the modification that Lidoderm Patch be approved by order entered on October 10, 2019, Order. The Order from the Office of Judges was affirmed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1] The only issues on appeal from this decision are the denial of Tylenol #3, Valium, and Percocet.

1

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
> . . . .
>
> (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

See Hammons v. W. Va. Off. of Ins. Comm'r, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in Justice v. West Virginia Office Insurance Commission, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. See also Davies v. West Virginia Off. of Ins. Comm'r, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Miller, a laborer, was injured when he was struck in the upper back and shoulders on October 16, 2017. On September 18, 2018, he underwent an Independent Medical Evaluation by Prasadarao Mukkamala, M.D., who noted the compensable injuries as neck contusion, right shoulder contusion, cervical disc displacement, and cervical disc disorder. Dr. Mukkamala found that Mr. Miller had reached maximum medical improvement and required no further treatment for the compensable injury. He assessed 14% cervical impairment. He then placed Mr. Miller in Cervical Category IV from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 25%. Dr. Mukkamala then apportioned 12% of the impairment for preexisting conditions. Dr. Mukkamala also assessed 1% impairment for the right shoulder. His total impairment assessment for the compensable injury was 14%. The claims administrator granted a 14% permanent partial disability award on October 9, 2018.

Mr. Miller was treated on December 17, 2018, by Cheryl Green, FNP, from Webster County Hospital, for a regular checkup, and he reported a flair-up of pain. On January 9, 2019, Jeannette Jackson, M.D., from Webster County Hospital, saw Mr. Miller for tenderness and muscle spasms in the cervical spine. An injection was administered. Mr. Miller returned to Webster County Hospital on February 9, 2019, and was treated by Lindsey Tabor, FNP. Mr. Miller was counseled regarding his medication and no compliance issues were found.

Rebecca Thaxton, M.D., performed a Physician Review on March 4, 2019, to comment on the necessity of treatment from Webster County Clinic and Hospital on May 22, July 8, July 10, August 22, and October 2, 2018. She was also asked to comment on the necessity of injections and the following medications: Tylenol #3, Valium, Lipitor, Cymbalta, Insulin, Glucophage, Percocet, Lidoderm Patch, and Lexapro, among others. Dr. Thaxton determined that the May 22, July 8, and August 22, 2018, office visits should not be authorized because they were for the treatment of noncompensable conditions. The October 2, 2018, office visit, however, was to address neck pain and chronic pain and should be authorized. Dr. Thaxton opined that the medications Lipitor, Lexapro, Neurontin, Insulin, Glucophage, Tylenol #3 and Valium should not be authorized because they are aimed at treating Mr. Miller's general medical condition rather than the compensable injury. She further noted that Valium, Percocet, and Tylenol #3 exceed the West Virginia Code of State Rules § 85-20 guidelines in this case and should not be authorized. Dr. Thaxton stated that office visits to the Pain Center dated February 6 and February 21, 2019, should be authorized because they were aimed at treating the compensable injury.

In a March 14, 2019, Independent Medical Evaluation, Karl C. Boone, D.C., assessed 24% cervical spine impairment. He placed Mr. Miller in Category IV from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 25%. For the right shoulder, Dr. Boone assessed 4% impairment. His total impairment assessment was 29%.

On May 1, 2019, the StreetSelect Grievance Board ("the Board") considered whether Tylenol #3, Valium, Lipitor, Cymbalta, Insulin, Glucophage, Percocet, Lidoderm Patch, Lexapro, and monthly or twice monthly office visits and medicine checks should be authorized. It determined that the claim was compensable for neck contusion, right shoulder contusion, cervical disc displacement, and cervical disc disorder. Mr. Miller underwent surgery. The Board noted that Dr. Mukkamala had determined that Mr. Miller reached maximum medical improvement as of the September 18, 2018, independent medical evaluation. The Board noted that Dr. Thaxton recommended the medications be denied as they are not aimed at treating the compensable injury. The Board found her opinion to be persuasive and recommended denial of the requested medications and office visits. Also, on May 1, 2019, the claim administrator denied authorization of Tylenol #3, Valium, Lipitor, Cymbalta, Insulin, Glucophage, Percocet, Lidoderm Patch, Lexapro, and monthly or twice monthly office visits and medicine checks.

On May 9, 2019, Mr. Miller returned to Webster County Hospital and was treated by Debra Williams, FNP. She found that Mr. Miller's functioning had improved and recommended he continue his opioid therapy. She also requested that Mr. Miller be referred to West Virginia Spine Center for chronic neck pain with right arm radiculopathy.

In a May 22, 2019, Independent Medical Evaluation, Jennifer Lultschik, M.D., noted that Mr. Miller suffered from degenerative conditions in the cervical spine and bilateral shoulders that preexisted the compensable injury. Mr. Miller underwent cervical surgery, which Dr. Lultschik opined was necessitated by preexisting conditions. Therefore, any further medical treatment related to such is not related to the compensable injury. Dr. Lultschik assessed 15% cervical spine impairment. She placed Mr. Miller in Cervical Category IV from West Virginia Code of State Rules § 85-20-E, and adjusted the assessment to 25%. For the right shoulder, Dr. Lultschik

assessed 3% impairment. Her total combined impairment rating was 27%. She then apportioned 18% for preexisting conditions. For the right shoulder, Dr. Lultschik found 1% impairment. Her combined total impairment assessment was 8%.

In a May 30, 2019, physician review, Dr. Thaxton was asked to determine whether a referral to the West Virginia Spine Center should be authorized. She found that the request should be denied. She stated that Mr. Miller underwent surgery for a C6-7 herniated disc, improved, and returned to work. Approximately three weeks later, he had a flair-up due to a car ride. Mr. Miller was then evaluated by Dr. Mukkamala, who found that he had reached maximum medical improvement. Dr. Thaxton noted that Dr. Mukkamala recommended no further treatment for the compensable injuries and stated that any further pain management or therapy would be aimed at treating the preexisting, noncompensable conditions. Based on the medical record, Dr. Thaxton agreed with Dr. Mukkamala's opinion.

In a treatment note, Heather O'Dell, FNP-C, from Webster County Hospital, treated Mr. Miller on June 6, 2019, and indicated he would be seen every six months by a nurse practitioner, a registered nurse, professional counseling services, a pain specialist, and a primary care provider. Mr. Miller was also to begin physical therapy.

The Board determined on July 11, 2019, that a referral to the West Virginia Spine Center should not be authorized. It found that Dr. Mukkamala determined Mr. Miller had reached maximum medical improvement for his compensable injuries, and Mr. Miller was granted a permanent partial disability award. Further, the request for a referral was made by Nurse Williams for chronic neck pain with radiculopathy. When Dr. Mukkamala examined Mr. Miller on September 13, 2018, and found that he had reached maximum medical improvement, Dr. Mukkamala noted that there were no signs of radiculopathy. The claims administrator denied a referral to the West Virginia Spine Center from chronic neck pain with radiculopathy on July 11, 2019.

Dr. Jackson testified in a deposition on July 29, 2019, that she prescribed Tylenol #3 for pain due to the work-related injury. Mr. Miller was previously prescribed Valium, but Dr. Jackson stated that the medication is an excellent muscle relaxer and helps reduce anxiety due to pain. Therefore, she prescribed the medication for muscle spasms due to the compensable injury. Percocet and Lidoderm patches were prescribed to manage pain from the compensable injury. Dr. Jackson stated that Mr. Miller had to be seen every month due to CDC and Medicare guidelines for chronic pain management. Dr. Jackson stated that although Tylenol #3 is a controlled substance, it is a relatively weak opioid and Mr. Miller was a candidate for continued opioid therapy due to pain and reduced functional abilities. Dr. Jackson opined that Mr. Miller's reported pain was more than would be expected for someone who had a cervical decompression and fusion. This led her to suspect that he had additional conditions causing some of his pain. Dr. Jackson did not believe Mr. Miller had reached maximum medical improvement, and she agreed with a referral to the West Virginia Spine Clinic. Dr. Jackson noted that this was an extraordinary case which required ongoing opioid medication. She stated that Mr. Miller was always compliant with his medication regiment.

4

In an August 25, 2019, supplemental report, Dr. Lultschik stated that she reviewed Dr. Jackson's testimony and the West Virginia Code of State Rules § 85-20 treatment regulations. Dr. Lultschik opined that Tylenol #3 and Percocet are opioid medications that are not recommended for longer than two weeks after an injury or subsequent surgery. She disagreed with Dr. Jackson's opinion that this was an extraordinary case. Dr. Lultschik stated that the compensable injury was a minor self-limiting injury for which Mr. Miller was treated and returned to work on July 20, 2018. Mr. Miller's subsequent reports of pain have been subjective and not supported by a surgical opinion. Dr. Lultschik opined that Mr. Miller did not need monthly office visits because the controlled medications were for the treatment of preexisting degenerative disc disease, a noncompensable condition. Lastly, Dr. Lultschik stated that a referral to the West Virginia Spine Center is not reasonable or necessary. She noted that though Dr. Jackson agreed with the referral, she testified in her deposition that she did not know who made the referral or the basis on which it was made.

The Office of Judges affirmed the claims administrator's decision granting a 14% permanent partial disability award in its October 10, 2019, Order. The Office of Judges also affirmed the claims administrator's denial of a referral to the West Virginia Spine Center for chronic neck pain with radiculopathy. Lastly, the Office of Judges affirmed the decision denying authorization of Tylenol #3, Valium, Lipitor, Cymbalta, Insulin, Glucophage, Percocet, Lidoderm Patch, Lexapro, and monthly or twice monthly office visits and medicine checks with the modification that Lidoderm Patches be authorized.

Regarding permanent partial disability, the Office of Judges found that there are three independent medical evaluations of record. Dr. Mukkamala found 13% cervical impairment and 1% right shoulder impairment for a total of 14% permanent partial disability. Dr. Boone found 25% impairment for the cervical spine and 4% impairment for the right shoulder for a total of 29% permanent partial disability. Dr. Lultschik found 7% cervical impairment and 1% right shoulder impairment for a total of 8% permanent partial disability. The Office of Judges determined that the primary difference between Dr. Boone's finding of 29% impairment and the much lower ratings of Dr. Mukkamala (14%) and Dr. Lultschik (8%) was Dr. Boone's failure to apportion for noncompensable conditions. The opinions of Drs. Mukkamala and Lultschik were determined to be of equal evidentiary weight and the matter was resolved in favor of Mr. Miller. The Office of Judges concluded that Mr. Miller had 14% impairment as a result of the compensable injury.

The Office of Judges next addressed the request for a referral to the West Virginia Spine Clinic. In her Physician Review, Dr. Thaxton opined that any referral to the pain clinic would be to address noncompensable, preexisting conditions. When Dr. Mukkamala examined Mr. Miller on September 13, 2018, there were no signs of radiculopathy, and Dr. Mukkamala opined that there was no indication for future office visits, medication, pain management, or therapy. He further opined that Mr. Miller would need medication management but that would be to address noncompensable conditions, not the compensable injury. The Office of Judges found that though Dr. Jackson testified that she agreed with a referral to the West Virginia Spine Clinic, she was unclear who made the request. The Office of Judges concluded that it was more likely than not that the referral was for the treatment of noncompensable conditions.

5

Lastly, the Office of Judges addressed the denial of the medications Tylenol #3, Valium, and Percocet as well as monthly or twice monthly office visits and medicine checks. The Office of Judges found that Valium, Percocet, and Tylenol #3, are controlled substances and their use is restricted by West Virginia Code of State Rules § 85-20-53.14. Mr. Miller underwent surgery on February 26, 2018, and was released to return to unrestricted work on July 20, 2018. Therefore, the timeframe for the use of controlled medications has long since passed. The Office of Judges found that there is no evidence that this is an extraordinary case. The Office of Judges agreed with Dr. Thaxton's opinion that monthly or twice monthly office visits and medicine checks were unnecessary because the controlled medications are not necessary. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 14, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Of the three evaluations of record, the Office of Judges did not err in finding Dr. Boone's evaluation to be a clear outlier and unreliable because he failed to apportion for Mr. Miller's preexisting conditions. The claims administrator was correct to grant a 14% permanent partial disability award. The referral to West Virginia Spine Center was properly denied. The request was made by Nurse Williams for chronic neck pain and right arm radiculopathy, neither of which are compensable in the claim. Finally, the Office of Judge was correct to deny the requested medications as they were not necessary treatment for the compensable condition.

Affirmed.

**ISSUED: July 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton